* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Efren Armando MENDOZA–**
**SANDOVAL, Defendant–**
**Appellant.**

**No. 00–10273.**
**D.C. No. CR–S–99–294–PMP(LRL).**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 12, 2000.*

Decided March 22, 2001.

R.App. P. 34(a)(2).

Before CHOY, SKOPIL, and FARRIS, Circuit Judges.

## MEMORANDUM **

Efren Armando Mendoza–Sandoval ("Mendoza–Sandoval") appeals his sentence for illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we affirm.

Mendoza–Sandoval pled guilty to one count of illegal reentry after deportation, in violation of 8 U.S.C. § 1326. Because the district court determined that Mendoza–Sandoval had sustained three previous convictions for aggravated felonies, the court sentenced him to eighty months in prison. See 8 U.S.C. § 1326(b)(2). Mendoza–Sandoval contends that in light of the Supreme Court decision of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court erred in sentencing him above the two-year statutory maximum of § 1326(a) because the indictment did not contain the fact of his convictions and because he did not admit to such convictions at his plea hearing.

Section 1326(b), which allows for a twenty year maximum sentence where the defendant was previously convicted of an aggravated felony, is a penalty provision of the statute, not a separate crime or an element of the underlying crime of unlawful reentry. See Almendarez–Torres v. United States, 523 U.S. 224, 226–27, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Thus, the government is not required to charge the fact of the prior conviction in the indictment or prove it beyond a reasonable doubt. See id. at 226–27.

Mendoza–Sandoval attempts to distinguish Almendarez–Torres and argues that Apprendi limits Almendarez–Torres to its facts. See Apprendi, 530 U.S. at 487, 120 S.Ct. at 2362–63 (noting that Almendarez–Torres represents "an exceptional departure"). Because he did not admit to the prior conviction for an aggravated felony, Mendoza–Sandoval claims that Apprendi does not allow him to be sentenced beyond the range of § 1326(a).

This argument is unavailing. The Court in Apprendi "carved out an exception for 'prior convictions' that specifically preserved the holding of Almendarez–Torres." United States v. Pacheco–Zepeda, 234 F.3d 411 (9th Cir.2000), amended (Feb. 8, 2001). Further, "nowhere does Apprendi limit Almendarez–Torres to cases where a defendant admits prior aggravated felony convictions on the record." Pacheco–Zepeda,.

Mendoza–Sandoval also argues that based on Apprendi, the Court may well overrule Almendarez–Torres in the future. See Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362. However, "unless and until the Supreme Court expressly overrules it, Almendarez–Torres controls here." Pacheco–Zepeda,. See also Agostini v. Felton, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) ("[I]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which di-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

rectly controls, leaving to this Court the prerogative of overruling its own decisions.") (quotations and citations omitted).

The government was not required to plead Mendoza–Sandoval's prior convictions for aggravated felonies in the indictment and the fact that he did not admit to his prior convictions is not dispositive. The district court did not err in making its sentencing determination.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.